UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LYGIZOS,

    Plaintiff,                                      Hon. Victoria A. Roberts
                                                          Case No. 11-10645

v.

RONALD LOWE,

    Defendant,
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

This matter is before the Court on Defendant, Judge Ronald Lowe's ("Lowe") Motion to Dismiss Plaintiff, John Lygizos' Complaint, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. The Court heard oral argument on July 28, 2011. For the reasons stated, the Motion is **GRANTED.**

### II. BACKGROUND

This case arises from the events surrounding Lygizos' incarceration in February 2008 for contempt. Plaintiff, John Lygizos ("Lygizos") is a practicing lawyer in the state of Michigan; Defendant, Judge Ronald Lowe ("Lowe") is a state court judge of the 35th District Court. Lygizos alleges Lowe violated his civil rights under 42 U.S.C. § 1983 by issuing a contempt order and subsequently incarcerating him after Lowe dismissed him as a defendant from the *Chaban v. Mark Mangano, Brenda Mangano, Related Auto Care, Inc. & Lygizos* case. (Case 2 described below).

    A. **Case 1:** ***Law Auto Realty v. Mark Mangano and Related Auto Care, Inc.***

In May 2005, Lygizos was one of the defense attorneys in this case. In July 2005, his co-counsel, Mark Chaban ("Chaban") tried the case in the 35th District Court before Lowe. Lowe entered judgment against Mark Mangano ("Mangano"). Mangano never paid Chaban his attorney fees for the legal services he provided him.

B. **Case 2: *Chaban v. Mark Mangano, Brenda Mangano, Related Auto Care & Lygizos***

Over two years later, in February 2008, Chaban filed an action, in the 35th District Court against Mark and Brenda Mangano, Related Auto Care, Inc. and Lygizos. Chaban sued the Manganos for approximately $6,149.00 in unpaid attorney's fees alleging he was never paid for the legal services he provided Mangano in *Case 1*. Chaban named Lygizos as a defendant, claiming that Lygizos guaranteed payment of his legal fees if the Manganos failed to pay. The Manganos were represented by Anthony Rosati ("Rosati"); Lygizos represented himself.

In September 2008, at a bench trial before Lowe, Lygizos moved for directed verdict. Lowe dismissed all of the claims against him with prejudice. In October 2008, the court entered judgment against the Manganos for approximately $16, 230.85. The same day, to facilitate collection of the judgment, Lowe issued an Order Appointing Receiver because Chaban and his attorney, Michael Tindall ("Tindall") believed that the Manganos were secreting, concealing, and transferring money to prevent enforcement of the court's orders and judgments. Lowe appointed Tindall as the Receiver's attorney.

C. **Contempt Proceeding and Order**

During *Case 2*, Lowe fined Rosati during a summary disposition hearing for an unmeritorious motion. Rosati was unable to pay the fine and Lygizos offered to loan him

2

the $500.00. In September 2008, Lygizos wrote Rosati a check for $500.00 drawn on his Interest on Lawyer Trust Account ("IOLTA"). Because of this loan to Rosati from the IOLTA account, Tindall, Chaban and the Receiver's attorney, suspected Lygizos had on deposit, funds belonging to the Manganos which Lygizos had an obligation to give to the Receiver. Although Lygizos explained that he did not hold any of the Mangano funds, Lowe directed him to produce documentation detailing the source of the $500.00. Additionally, the Receiver served a subpoena on Comerica Bank, to verify Lygizos' IOLTA account records.

In November 2008, pursuant to the Receiver's request, the court issued Lygizos an Order to Appear and Show Cause for Contempt. The Receiver alleged that Lygizos, among other things, evaded service of subpoena to testify and produce records. In February 2009, Lowe entered a judgment of civil contempt against Lygizos, finding him in contempt on three counts. Lowe ordered that Lygizos be incarcerated until he provided record of his IOLTA account and paid a penalty of $69,000. These conditions were not satisfied; however, after Lygizos spent approximately fourteen days in the Wayne County Jail, Lowe released him. Lygizos filed a timely appeal and on June 22, 2011, the Circuit Court reversed the contempt order on the merits.

### III. **STANDARD OF REVIEW**

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). In practice, a claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the

non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008). However, while this standard is liberal, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *Id.* If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. But, when a plaintiff fails to state a claim upon which relief can be granted, dismissal is appropriate. Fed. R. Civ. P. 12(b)(6).

### IV. ANALYSIS

Lygizos alleges that Lowe violated his civil rights by issuing a contempt order and incarcerating him. Generally, a judge has complete immunity from suit under the doctrine of judicial immunity. *Stump v. Sparkman,* 435 U.S. 349, 354 (1978). "It is a general principle that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions without apprehension of personal consequences to himself." *Id.*at 355.

Complete immunity is only overcome in two instances. First, a judge is not immune from liability for non-judicial actions. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). "The test for determining whether an act by a judge is a judicial one rests on whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362 (1978). Lowe's decision to hold Lygizos in contempt for failure to comply with a court order is a function normally performed by a judge. Furthermore, Lygizos was dealing with Lowe in his judicial capacity when Lowe incarcerated him under MCL 600.1701(g) for contempt. Thus, Lygizos fails to establish that Lowe's action were non-judicial.

4

Second, a judge is not immune from actions taken in lack of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 12 (1991). Lygizos argues that Lowe is not absolutely immune because the order appointing the receiver was improperly entered and because Lowe lacked jurisdiction over him when he issued the contempt order. However, pursuant to MCL 600.1701(g), a judge's contempt powers go beyond parties to a case. A Michigan judge of the circuit court has the power to punish by fine or imprisonment, "all other persons for disobeying any lawful order, decree, or process of the court." MCL 600.1701(g).

Lygizos further argues that Lowe lacked jurisdiction over him because the Order Appointing Receiver was directed to the Manganos not him. However, the language in the Order directs "defendants and all other persons or entities served with a copy of the Order to cooperate fully with and assist the Receiver." Lygizos purports that he was never served with the Order; however, his claim is without merit. Even if Lygizos' claim that he was never served with the Order is true or that the order was improperly entered, a judge will not be deprived of immunity because the action he took was in error. Rather, he will be subject to liability only when he acts in clear absence of all jurisdiction." *Stump v. Sparkmen,* 435 U.S. 349, 356 (1978).

Relying on *Stump*, Lowe seeks to have Lygizos' Complaint dismissed for failure to state a claim upon which relief can be granted. Lowe contends that because he has complete immunity from suit, no relief can be granted to Lygizos' claim. According to *Stump,* "a defendant judge is immune from suit if at the time he took the challenged action he had jurisdiction over the subject matter before him." *Id.* at 356. Moreover,

where the issue at bar is the immunity of the judge, the scope of the judge's jurisdiction must be construed broadly. *Id.* at 357.

Lowe clearly had jurisdiction over Lygizos when he issued the contempt order pursuant to MCL 600.1701(g). Furthermore, under MCL 600.1715, the use of jail time to compel compliance with an order in a civil case is appropriate.

Because the Court decides that Lygizos' Complaint fails to state a claim upon which relief can be granted, the Court need not address Defendant's remaining arguments.

## V. **CONCLUSION**

Defendant's motion to dismiss for failure to state a claim, **GRANTED.**

    **IT IS ORDERED.**

S/Victoria A. Roberts

Victoria A. Roberts

United States District Judge

Dated: August 1, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 1, 2011.

s/Carol A. Pinegar

Deputy Clerk